## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

GRAY TELEVISION GROUP, INC.

                                Plaintiff,

    -against-

FOUND FOOTAGE FESTIVAL, LLC,
NICK PRUEHER, AND
JOE PICKETT,

                         Defendants.

Case No. 1:17-cv-2232-MKB-SMG

## ANSWER TO DEFENDANTS' COUNTERCLAIM

### SUMMARY OF ACTION

1.      The allegations in paragraph 1 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Counterclaim Defendant Gray Television Group, Inc. ("Gray Television") denies the allegations in paragraph 1.

### THE PARTIES

2.      Gray Television admits that it owns more than 90 television stations across the United States.  Gray Television does not know what Counterclaim Plaintiffs mean by the allegation that Gray Television is a "sophisticated corporate entity" and, on that basis, denies the remainder of the allegations in paragraph 2.

3.      Gray Television admits the allegations in paragraph 3.

4.      Gray Television admits the allegations in paragraph 4.

5.      Gray Television admits the allegations in paragraph 5.

## JURISDICTION AND VENUE

6.      The allegations in paragraph 6 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Gray Television denies the allegations in paragraph 6.

7.      The allegations in paragraph 7 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Gray Television denies the allegations in paragraph 7.

8.      The allegations in paragraph 8 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Gray Television denies the allegations in paragraph 8.

## FACTS

9.      Gray Television lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and, on that basis, denies the allegations in paragraph 9.

10.      Gray Television lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and, on that basis, denies the allegations in paragraph 10.

11.      Gray Television lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and, on that basis, denies the allegations in paragraph 11.

12.      Gray Television admits that Counterclaim Plaintiffs Found Footage Festival, LLC ("Found Footage Festival"), Nick Prueher ("Prueher"), and Joe Pickett ("Pickett") tour across the country with a live show.  Gray Television lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 12, and, on that basis, denies the remainder of the allegations in paragraph 12.

2

13.     Gray Television admits that Prueher and Pickett contacted WEAU using the fake names "Jerry Chubb," "Nicholas 'Steele' Stelling" and "Joe 'Chop' Shopsin."  Using these fake names and fake materials, they fraudulently induced WEAU to book their appearance for a live interview on *Hello Wisconsin,* where they appeared as the fake "strongman duo Chop & Steele," performed ridiculous bits, and provided false information to WEAU viewers—all to promote their upcoming Found Footage Festival tour.   At all times, Prueher and Pickett falsely represented that "Jerry Chubb," "Nicholas 'Steele' Stelling" and "Joe 'Chop' Shopsin" were their true identities. They never presented themselves as in "characters" or informed WEAU that they would appear on *Hello Wisconsin* in "character."  Gray Television lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 13, and, on that basis, denies the remainder of the allegations in paragraph 13.

14.     Gray Television lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and, on that basis, denies the allegations in paragraph 14.

15.     Gray Television admits that Prueher and Pickett knowingly and intentionally used the fictitious name "Jerry Chubb" and the email address "jchubb@thanks4strengths.com" to act as "Chop & Steele's" representative in communications with WEAU personnel and induce the station to book Prueher's and Pickett's appearance as "Chop & Steele" on the program.  Gray Television further admits that, posing as "Jerry Chubb," Prueher and Pickett knowingly and intentionally provided false information about "Chop & Steele's" credentials and about their fake "Give Thanks 4 Strengths" tour to WEAU.  Gray Television denies the remainder of the allegations in paragraph 15.

16.     Gray Television admits that it has been unable to locate any content at the domain <thanks4strengths.com>, which appears to be a fraudulent domain falsely represented by the Counterclaims Plaintiffs as theirs.  Gray Television denies the remainder of the allegations in paragraph 16.

17.     Gray Television admits that WEAU personnel emails speak for themselves.  To the extent that the words and allegations of paragraph 17 of the Counterclaim are inconsistent with, or differ from, the language in those emails, Gray Television denies those allegations.

18.     Gray Television denies the allegations in paragraph 18.

19.     Gray Television admits that Counterclaim Plaintiffs have used, and continue to use, Gray Television's copyrighted footage of Prueher's and Pickett's fraudulent appearance on *Hello Wisconsin* in their live shows and in DVDs that they sell for profit.  Gray Television lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 19, and, on that basis, denies the remainder of the allegations in paragraph 19.

20.     Gray Television admits that Counterclaim Plaintiffs have used, and continue to use, Gray Television's copyrighted footage of Prueher's and Pickett's fraudulent appearance on *Hello Wisconsin* in a "Chop & Steele" Reel posted to various online websites.  Gray Television denies the remainder of the allegations in paragraph 20.

21.     Gray Television denies the allegations in paragraph 21.

22.     Gray Television denies the allegations in paragraph 22.

23.     Gray Television denies the allegations in paragraph 23.

24.     Gray Television lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and, on that basis, denies the allegations in paragraph 24.

25.     Gray Television lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and, on that basis, denies the allegations in paragraph 25.

26.     Gray Television admits that using the fake name "Jerry Chubb" Prueher and Pickett knowingly and intentionally provided false information about "Chop & Steele's" credentials and about their fake "Give Thanks 4 Strengths" tour to WEAU, including providing a press release that was entirely false.  Gray Television denies the remainder of the allegations in paragraph 26.

## COUNT I
### (Bad faith misrepresentations made pursuant to 17 U.S.C. § 512(f))

27.     Gray Television admits that it is a media company.  Gray Television does not know what Counterclaim Plaintiffs mean by the allegations that Gray Television is "sophisticated" or that it has "in-depth knowledge of copyright law and the fair use doctrine," and on that basis, denies the remainder of the allegations in paragraph 27.

28.     Gray Television denies the allegations in paragraph 28.

29.     Gray Television denies the allegations in paragraph 29.

30.     Gray Television denies the allegations in paragraph 30.

31.     Gray Television denies the allegations in paragraph 31.

32.     Gray Television denies the allegations in paragraph 32.

33.     Gray Television denies the allegations in paragraph 33.

34.     Gray Television denies the allegations in paragraph 34.

5

## PRAYER FOR RELIEF

Gray Television denies that Counterclaim Plaintiffs are entitled to the relief requested in the Counterclaim, including any and all claimed damages, attorneys' fees or costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Counterclaim Plaintiffs' claim is barred, in whole or in part, because they did not send a counter notification under 17 U.S.C. § 512(g) in response to one of more of Gray Television's takedown requests.

### Third Affirmative Defense

Counterclaim Plaintiffs are barred from recovery of damages, or any other relief, because their use of Gray Television's copyrighted material was unlawful.

### Fourth Affirmative Defense

Counterclaim Plaintiffs are barred from recovery of damages, or any other relief, because they acted in bad faith.

### Fifth Affirmative Defense

The Counterclaim is barred, in whole or in part, because Gray Television at all times acted lawfully and in good faith to comply with all applicable laws.

### Sixth Affirmative Defense

Counterclaim Plaintiffs' claim fails because they have suffered no damages.

**Seventh Affirmative Defense**

Counterclaim Plaintiffs failed to mitigate their damages, if any, and their right to recover against Gray Television, if any, should be reduced and/or eliminated by such a failure.

**Eighth Affirmative Defense**

The Counterclaim is barred by the doctrine of estoppel.

**Ninth Affirmative Defense**

The Counterclaim is barred by the doctrine of waiver.

**Tenth Affirmative Defense**

The Counterclaim is barred or substantially abated because Counterclaim Plaintiffs have unclean hands.

## RESERVATION OF RIGHTS

Gray Television reserves the right during discovery, and prior to, at, or after trial, to amend its Answer to add any additional affirmative defenses and/or objections to the Counterclaim in this matter.

WHEREFORE, Gray Television respectfully requests that the Court:

1. Dismiss the Counterclaim with prejudice;

2. Award Gray Television the costs and attorneys' fees incurred in defending this claim; and

3. Grant such other, further and different relief as the Court deems just and proper.

7

Dated:  June 9, 2017                    Respectfully submitted,

                                        BALLARD SPAHR LLP


                                        /s/ Charles D. Tobin
                                        Charles D. Tobin
                                        1909 K St., N.W., 12th Floor
                                        Washington, D.C. 20006
                                        Telephone: (202) 661-2200
                                        Facsimile: (202) 661-2299
                                        TobinC@ballardspahr.com

                                        *Attorney for Plaintiff/Counterclaim Defendant
                                        Gray Television Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2017, I caused to be served a copy of the foregoing upon

Defendants/Counterclaim Plaintiffs' counsel of record Anderson J. Duff by electronic means

through the Court's ECF system.

/s/ Charles D. Tobin_____